IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN DOE                            :
                                    :
                                    :
    v.                              :   Civil Action No. DKC 18-930
                                    :
2 UNKOWN EMPLOYEE[S] OF [THE]       :
EQUAL EMPLOYMENT OPPORTUNITY        :
COMMISSION

**MEMORANDUM OPINION and ORDER**

Plaintiff filed this action for negligence under the Federal Tort Claims Act ("FTCA") against two unknown employees of the Equal Employment Opportunity Commission ("EEOC") on April 3, 2018. (ECF No. 1). Plaintiff provided his name to the court, but filed a Motion for Protective Order asking to proceed pseudonymously as "John Doe." (ECF No. 3).

Under Fed.R.Civ.P. 10(a), a complaint must include a title naming all of the parties. However, the district court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* Plaintiff must meet a strong burden to proceed pseudonymously. *Doe v. Oshrin*, 299 F.R.D.

100, 101 (D.N.J. 2014). The United States Court of Appeals for the Fourth Circuit provides five factors to determine whether to grant a request to proceed pseudonymously:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (2016). Here, the relevant factors weigh against allowing Plaintiff to proceed pseudonymously.

As to the first factor, Plaintiff contends that proceeding pseudonymously is appropriate because "all of the material in his case is sensitive or private in nature." (ECF No. 3, at 6). Plaintiff states that this material ranges from information on his criminal record, "medical records, particulars of the alleged smear campaign, assertions of attempts at blackmail via the incorrect perception of his sexual orientation and similar." (*Id.*). It is unclear what relevance this material has to this case. Plaintiff

2

seeks to bring a negligence suit against Defendants for failing to investigate his employment discrimination claim. This does not appear to be a matter of "sensitive and highly personal nature," and Plaintiff is not entitled to a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Moreover, Plaintiff may still prevent public release of particular medical records or other private information by filing a timely motion to protect under Fed.R.Civ.P. 26(c). Thus, the first factor weighs against granting Plaintiff's request to proceed pseudonymously.

The second factor considers whether Plaintiff proceeding publicly "poses a risk of retaliatory physical or mental harm." *James*, 6 F.3d at 238. While Plaintiff states that he has unpopular political opinions warranting protection through anonymity, his argument is incomprehensible and does not specifically address how proceeding with a pseudonym would prevent retaliatory harm to himself or others. (ECF No. 3, at 2). It is also unclear what relevance his political views have to this case.

Additionally, Plaintiff argues that he needs protection from retaliatory harm because he is the target of a "smear campaign." (*Id.* at 5). Plaintiff references conflicts he has had with the Department of Homeland Security, United States Postal Service, and Social Security Administration. (*Id.*). However, Plaintiff's instant action is against two employees of the EEOC and Plaintiff

3

does not state how proceeding publicly in *this case* would risk retaliatory harm. Accordingly, the second *James* factor weighs against permitting Plaintiff to proceed pseudonymously.

The fourth *James* factor considers whether Plaintiff's action is against a governmental or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. "When a Plaintiff challenges the government or government activity, courts are more like[ly] to permit Plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D.Va. 2016) (quoting *Yacovelli v. Moeser*, No. CV-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2014)). Unlike actions against private parties, "[a]ctions against the government do no harm to its reputation[.]" *Id.* (quoting *Doe v. Pittsylvania Cty.*, 844 F.Supp.2d 724, 730 (W.D.Va. 2012). Plaintiff's suit challenges the government and government activity because it is against two employees of the EEOC acting in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the fourth factor weighs in favor of granting Plaintiff a pseudonym because Plaintiff's action against the government does not risk harm to the reputation of a private party.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6

F.3d at 238. Here, Plaintiff states that he "fully acknowledges" the difficulty that Defendants would have in opposing Plaintiff's claim if his identity is kept confidential, and that he is "readily willing" to make his personal information available to Defendants. (ECF No. 3, at 7). Thus, allowing Plaintiff to proceed pseudonymously is not unfair to Defendants, because Defendants would be fully aware of Plaintiff's identity. *See Alger*, 317 F.R.D. at 41.

Plaintiff's motion to proceed pseudonymously also raises an additional consideration: "whether proceeding publicly would seriously threaten [his] mental health." *Doe v. Smith*, 105 F.Supp.2d 40, 44-45 (E.D.N.Y. 1999) (rejecting the defendant's argument that the court may only grant a plaintiff's motion to proceed anonymously in cases where a plaintiff faces retaliatory harm rather than harm that may result from the plaintiff's own mental condition). Plaintiff states that he has "significant health complications" and that proceeding without a pseudonym "would almost certainly [exacerbate]" his medical problems. (ECF No. 3, at 1). While Plaintiff provides multiple examples of medical symptoms he might suffer if he has to proceed publicly, he provides no supporting medical evidence and his purported medical symptoms do not overcome the heavy burden Plaintiff must meet in order to overcome the public's interest in open judicial proceedings. *Cf. Smith*, 105 F.Supp.2d at 44 (granting the

plaintiff's motions for reconsideration and to proceed pseudonymously because although she initially provided virtually no evidence of the potential mental injury she might suffer, she provided with her motion for reconsideration an affidavit from her doctor stating that proceeding publicly would cause psychological and emotional pain so intense that it would threaten plaintiff's stability, safety, and life).

Weighing all of the factors together, Plaintiff has not met the onerous burden to proceed pseudonymously in this case and his request will be denied. Plaintiff will be provided an opportunity to withdraw his sealed complaint and other documents (ECF Nos. 2, 4, 5) before they are unsealed by the clerk of this court. *See* Local Rule 105.11 (D.Md. 2016). Accordingly, it is this 28th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion for Protective Order (ECF No. 3) BE, and the same hereby IS, DENIED;

2. Plaintiff's sealed documents (ECF Nos. 2, 4, 5) will be unsealed if Plaintiff does not file a line of dismissal or withdraw his sealed documents within 21 days; and

3. The clerk is directed to mail a copy of this Order directly to Plaintiff.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge